2008 OCT 10 AM 11:05

JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**RING POWER CORPORATION,**

Plaintiff,

**v.** **CASE NO. 3:07-CV-363-J-25HTS**

**AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY,**

Defendants.

_______________________________/

## ORDER

THIS CAUSE is before the Court on Plaintiff's and Defendants' cross Motions for Summary Judgment. (Dkts. 35 and 39).

### I. Summary of Facts[1]

This is an action for a declaratory judgment brought by Ring Power Corporation (hereinafter "Ring Power") against Amerisure Insurance Company and Amerisure Mutual Insurance Company (collectively "Defendants"). (Dkt. 35). It involves a dispute over whether Ring Power is a covered insured under the two

[1] Except as noted in this Order, the background facts contained herein are not factual findings of this Court.

insurance policies[2] issued by Defendants to Ring Power's lessee, Associated Construction (hereinafter "Associated"), pursuant to a Rental Agreement[3] between Ring Power and Associated. *Id.* Associated leased a Caterpillar Multi Terrain Loader, Model 277B (hereinafter "equipment")[4] from Ring Power, but the equipment was used by Associated's subcontractor, R&R Brick and Block Corporation (hereinafter "R&R"), and specifically, by R&R's employee, Fabiano Cantao, in Riverview, Florida. *Id.*

On October 30, 2004, while operating the equipment, Mr. Cantao backed over the edge of an unmarked ditch, which caused the equipment to flip and trap him under water, resulting in his death. (Dkt. 38, Ex. A). In the underlying wrongful death action for damages, Mr. Cantao's Personal Representative and parents sued, among others, R&R, Associated, and Ring Power, asserting negligence claims against R&R and Associated and a strict liability claim against Ring Power. *Id.*

## II. Relevant Contractual Provisions

The Terms and Conditions of the Rental Agreements between Ring Power and Associated provide, in part:

---

[2] The Commercial General Liability Insurance policy number is GL2019035 and the Umbrella Liability policy number is CU2019038. (Dkt. 8, Exs. C and D).

[3] The parties executed two Rental Agreements for the same equipment, but the Terms and Conditions of each were identical. (Dkt. 35, Ex. 1). Rental Agreement # R73737 was executed on October 26, 2004. (Dkt. 35, Ex. 1-A). Rental Agreement # R73894 was executed on October 29, 2004. *Id.*

[4] The ACORD Certificate of Liability Insurance lists a different piece of equipment: Caterpillar Wheel Loader CC, Model 950G. (Dkt. 35, Ex. 1-B).

> 5. INSURANCE - Lessee shall at Lessee's expense . . . maintain in force a policy of public liability and property damage insurance . . . on a primary and not excess or contributory basis against its liability for damages sustained by *any person or persons including but not limited to employees of Lessee, as a result of the maintenance, use, operation, storage, erection, dismantling, servicing or transportation of such Equipment.* Lessee shall, on demand, furnish Lessor a certificate of such insurance which may not be cancelled or materially modified except on thirty (30) days prior written notice to Lessor. Lessee agrees to abide by the provisions of said policy and to make a written report to Lessor and the insurer within 48 hours of Lessee's knowledge of any accident or occurrence involving such Equipment. . . .
>
> 6. INDEMNITY - *Lessee shall defend, indemnify and hold harmless Lessor*, its subsidiaries and affiliated companies, their officers, agents and employees against all loss, liability and expense, including reasonable attorneys's [sic] fees, by reason of bodily injury including death, and property damage, sustained by *any person or persons including but not limited to the officers, agents and employees of Lessee, as a result of the maintenance, use, operation, storage, erections, mantling, dismantling, servicing, transportation, defect in or failure of Equipment*, whether such bodily injury, death or property damage is due or claimed to be due in whole or in part, to any neglect, default, defeat, fault, failure, act or omission, by or on behalf of Lessor, its officers, agents and employees or any other person, including but not limited to any claims of strict liability in tort, breach of warranty, and/or negligence.

(Dkt. 35, Ex. 1-A) (emphasis added).

The Commercial General Liability Coverage Form (hereinafter "CGLCF") provides in part:

> **SECTION I - COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that *the insured* becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against

any "suit" seeking those damages. . . .

2. **Exclusions**

This insurance does not apply to:

. . .

b. **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. *This exclusion does not apply to liability for damages:*

. . .

**(2)** Assumed in a contract or agreement that is an "*insured contract*" . . . .

. . .

**SECTION V - DEFINITIONS**

9. "*Insured contract*" means:

. . .

**f.** That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

(Dkt. 35, Ex. 4) (emphasis added).

The Advantage General Liability Extension Endorsement (hereinafter "AGLEE"), which modifies the CGLCF, provides in part:

9. **BROADENED WHO IS AN INSURED**

**SECTION II - WHO IS AN INSURED** is deleted and replaced with the following:

. . .

**2.** Each of the following is also an insured:

. . .

**h.** *Any person or organization who is the lessor of equipment leased to you to whom you are obligated by virtue of a written contract to provide insurance* such as is afforded by this policy, but only with respect to their liability arising out of the maintenance, operation or use by you of such

equipment.

(Dkt. 35, Ex. 5) (emphasis added).

The Advantage Blanket Additional Insured Endorsement (hereinafter "ABAIE"), which also modifies the CGLCF, provides in part:

> **SECTION II - WHO IS AN INSURED** is amended to include as an insured any person or organization, called an additional insured in this endorsement:
> **1.** Whom you are required to add as an additional insured on this policy under a written contract or agreement relating to your business; or
> **2.** Who is *named as an additional insured under this policy on a certificate of insurance.*

(Dkt. 35, Ex. 6) (emphasis added).

The ACORD Certificate of Liability Insurance (hereinafter "ACORD Certificate") provides, in part, that Associated is the insured, the policy number is GL2019035, the equipment is Caterpillar 950 G Wheel Loader CC, and that Ring Power is the certificate holder that is named as additional insured. (Dkt. 35, Ex. 1-B). It also provides that the "CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY" and that it "DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES." *Id.* (emphasis in original).

## III. Discussion

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Issues are genuine if a reasonable jury could find for the non-movant and facts are material if they can affect the outcome. *Scottsdale Ins. Co. v. Cutz, LLC*, 543 F. Supp. 2d 1310, 1313 (S.D. Fla. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

> The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. . . . Once the moving party has discharged its burden, the nonmoving party must designate specific facts showing that there is a genuine issue of material fact. . . . All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. The court may not weigh the credibility of the parties on summary judgment.

*Id.* (internal citations omitted).

Where cross motions for summary judgment are filed, the "court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." *Id.* at 1313-14 (internal quotations omitted). Cross-motions may be probative of the lack of a factual dispute, if the parties generally agree on the material facts and controlling legal theories. *Id.* at 1314.

In a diversity case, federal courts apply the law of the forum state. *LaTorre v. Conn. Mut. Life Ins. Co.*, 38 F.3d 538, 540 (11th Cir. 1994). Insurance contracts are analyzed under "the law of the state where the policy was issued." *Id.* In the present case, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332

(Dkt. 23) and the insurance policies were issued in Florida (*See* Dkt. 8, Exs. C and D). Therefore, Florida law applies.

**B. Analysis**

In the present case, Ring Power asserts it is an additional insured and thus, Defendants have a duty to defend and indemnify it. (Dkts. 35 and 45). Specifically, it argues the language of the CGLCF, the ABAIE, and the AGLEE, as well as the text of the ACORD Certificate, is clear and unambiguous. *Id.* Similarly, Defendants argue the language of the policies is plain and unambiguous. (Dkts. 36 and 39). The parties disagree, however, on the interpretation of the terms of the policies. (*See* Dkts. 35, 36, 39 and 45).

Insurance contracts are interpreted as a whole and in context, and the plain language of the policy is followed unless the language is ambiguous, in which case it is construed in favor of the insured. *Swire Pac. Holdings, Inc. v. Zurich Ins.*, 845 So.2d 161, 165 (Fla. 2003). Whether a term is ambiguous is a question of law. *Escobar v. United Auto. Ins. Co.*, 898 So.2d 952, 954-55 (Fla. Dist. Ct. App. 2005). Language is not ambiguous for being complex or requiring analysis, but it is ambiguous for being "susceptible to more than one reasonable interpretation." *Swire*, 845 So.2d at 165. The absence of a definition does not make a term ambiguous, *Id.* at 166, but rather requires construction under its ordinary meaning, *Hyman v. Nationwide Mut. Fire Ins. Co.*, 304 F.3d 1179, 1188 (11th Cir. 2002). "Where a critical term is not defined in an exclusionary clause of the policy, it will be

liberally construed in favor of an insured." *Westmoreland v. Lumbermens Mut. Cas. Co.*, 704 So.2d 176, 180 (Fla. Dist. Ct. App. 1997). Exclusionary clauses are construed strictly, while coverage clauses are interpreted broadly to achieve the greatest possible coverage. *Id.* at 179. If a clause can be reasonably interpreted as both extending and excluding coverage, it will be construed as extending coverage. *Id.*

In the present case, the Terms and Conditions of the Rental Agreements required Associated to obtain insurance for damages incurred by any person as a result of the use and operation of the equipment and to indemnify Ring Power. (Dkt. 35, Ex. 1-A). By referring to "any person or persons including but not limited to the officers, agents and employees" of Associated, the language indicates that the Rental Agreements cover damages sustained not only by Associated, but also by its subcontractors and their employees.

Next, under the terms of the CGLCF, Defendants have a duty to defend "the insured." (Dkt. 35, Ex. 4). Under the policies, the named insured is Associated. (Dkt. 8, Exs. C and D). Ring Power may, however, qualify as an insured, if its Rental Agreements with Associated constitute "insured contracts." (*See* Dkt. 35, Ex. 4). Under the plain language of the policy, the Rental Agreements qualify as insured contracts. First, the language covers *any* other contract. *Id.* Second, the contract must pertain to Associated's business. *Id.* Here, the Rental Agreements for the multi-terrain loader pertain to the lessee's landscaping business. (Dkt. 8, Exs. C and

D). Finally, by agreeing to "defend, indemnify and hold harmless" Ring Power under the Rental Agreements (Dkt. 35, Ex. 1-A), Associated agreed to "assume the tort liability of another" (Dkt. 35, Ex. 4).

Even assuming, however, that the Rental Agreements do not qualify as insured contracts as Defendants claim (Dkts. 36 and 39), Ring Power is still a covered insured pursuant to the AGLEE, which modifies the CGLCF (*See* Dkt. 35, Ex. 5). First, Ring Power is the lessor of equipment that is leased to Associated. (Dkt. 35). Next, Associated is obligated under the terms of the written Rental Agreements to obtain insurance with respect to the "liability arising out of the maintenance, operation or use" of the equipment. Because the phrase "arising out of" is not defined in the policies, the Court looks at its plain meaning. *See Allstate Ins. Co. v. Safer*, 317 F. Supp. 2d 1345, 1350 (stating the phrase "arising out of" is not ambiguous); *see also Hagen v. Aetna Cas. & Sur. Co.*, 675 So.2d 963, 965 (Fla. Dist. Ct. App. 1996) (interpreting the phrase to mean "originating from," "growing out of," "having a connection with," or "incident to"). Here, plain meaning dictates the liability arose out of the use or operation of the equipment. (*See* Dkt. 38, Ex. A). In addition, Plaintiff correctly points out that the phrase "arising out of" is a part of an endorsement extending coverage and thus, it should be construed expansively. (Dkt. 35).

Finally, under the AGLEE, the use or operation must be "by you." (Dkt. 35, Ex. 5). Defendants allege the term refers only to the Associated's own employees.

(Dkts. 36 and 39). Where the word "you" is expressly defined in the contract, the courts follow that definition in interpreting the contract. *See Reliance Ins. Co. v. Wiggins*, 763 So.2d 450, 452 (Fla. Dist. Ct. App. 2000). Where a term is not defined in the policy, however, but it has been used in a descriptive way in other insurance documents, its meaning may be inferred from those documents. *See Scottsdale Ins. Co. v. Cutz, LLC*, 543 F. Supp. 2d 1310, 1313 (S.D. Fla. 2007). Here, the policies do not expressly define the term "you," but they define similar terms, such as "your product" and "your work" and neither of them refers to Associated exclusively. (*See* Dkt. 8, Exs. C and D). Specifically, the terms include work done on Associated's behalf, persons trading under Associated's name, and persons or organizations whose business or assets Associated has acquired. *Id.* Therefore, considering the insurance contracts as a whole, the Court finds the term "you" includes not just Associated and its employees, but also its subcontractors that operate or use the equipment on behalf of Associated. *Cf. Wiggins*, 763 So.2d at 453 (finding that the independent contractor's lawful custody of the vehicle did not relieve the lessor from liability).

In addition, Ring Power also qualifies as an "additional insured" under subsection two of Section II of the ABAIE, which modifies the CGLCF, (*See* Dkt. 35, Ex. 6), because it was named an additional insured on the ACORD Certificate (Dkt. 35, Ex. 1-B). A certificate does not normally create a contract between the insurer and the lessor, unless the insurance policy was intended to benefit the lessor

directly, which may be evidenced by the presence of an insurance requirement in the rental agreement and by a provision in the policy referring to or giving rights to the lessor. *See U.S. Pipe & Foundry Co. v. U.S. Fid. & Guar. Co.*, 505 F.2d 88, 89-90 (5th Cir. 1974). Here, the Rental Agreements had an insurance requirement which was for the direct benefit of Ring Power, because Associated was required to "defend, indemnify and hold harmless" Ring Power. (*See* Dkt. 35, Ex. 1-A). In addition, the AGLEE refers to and provides coverage to lessors, such as Ring Power. (*See* Dkt. 35, Ex. 5). Therefore, the ACORD Certificate, when read in context, provides rights to Ring Power. Furthermore, while it is true that the ACORD Certificate lists a different piece of equipment (Dkts. 36 and 39), Plaintiff correctly points out that the Certificate "does not amend, extend or alter the coverage afforded by the policies" (Dkt. 35, Ex. 1-B) and it is the policy that controls (Dkt. 45).

In conclusion, the Court finds there are no genuine issues of material fact and Plaintiff is entitled to judgment as a matter of law with respect to the Commercial General Liability Insurance policy. Although Plaintiff claims it is also entitled to relief under the Umbrella Liability policy, it has neither briefed the issue nor provided a single citation to support this position.

Accordingly, it is **ORDERED**:

1. Defendants' Motion for Summary Judgment (**Dkt. 39**) is **DENIED**.
2. Plaintiff's Motion for Summary Judgment (**Dkt. 35**) is **GRANTED**.
3. The Clerk is **DIRECTED** to enter a judgment in favor of Plaintiff, Ring

Power, and against Defendants, Amerisure Insurance Company and Amerisure Mutual Insurance Company, and close the file.

**DONE AND ORDERED** this 10th day of October, 2008.

**HENRY LEE ADAMS, JR.**
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record